UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTEMIS LAMONT WHALUM,<br><br>                                    Plaintiff,<br>   vs.<br><br>JACOB CUTTINGS; CITY OF EL CAJON; EL CAJON POLICE DEPARTMENT,<br><br>                                    Defendants. | CASE NO. 08-CV-1838 W (POR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. No. 37.)** |

   On October 8, 2008, Plaintiff Artemis Lamont Whalum ("Plaintiff"), a state prisoner proceeding *pro se*, commenced this action alleging various constitutional and 42 U.S.C. § 1983 claims. (Doc. No. 1.)

   Defendants Jacob Cuttings, the City of El Cajon, and the El Cajon Police Department's (collectively, "Defendants") have moved to dismiss the First Amended Complaint ("FAC"). (Doc. No. 37.)  The Court decides the matter on the papers submitted and without oral argument. See S.D. Cal. Civ. R. 7.1(d.1).  And for the following reasons, the Court **GRANTS**  Defendants' motion to dismiss.

I.  **BACKGROUND**

On or about October 9, 2006, Plaintiff was arrested by Defendant Cuttings. (Doc. No. 1 at 2.) During the course of that arrest, Plaintiff claims that Defendant Cuttings used excessive force by firing two gunshots into Plaintiff. (*Id*.) The bullets injured Plaintiff's spine, right arm, ribs, and collapsed one of his lungs. (*Id*.)

On December 4, 2007, Plaintiff was convicted by a jury of assault with a deadly weapon on a police officer and two counts of resisting an executive officer by means of threat and violence. Plaintiff was sentenced to seventeen years and four months in prison. He is currently incarcerated at the High Desert State Prison, in Susanville, Ca.

On October 6, 2008, Plaintiff filed a notice of appeal in state court. On October 8, 2008, Plaintiff filed the instant lawsuit. (Doc. No. 1.) Plaintiff claimed that the excessive force used by Defendant Cuttings violated his Fourth Amendment right to be free from unreasonable arrest and his Fourteenth Amendment right to due process of law. (*Id*. at 2.) Plaintiff further alleged that the violation of his constitutional rights was caused by Defendant City of El Cajon's policies and failures in regards to the training and supervision of Defendant Cuttings. (*Id*. at 2.) Plaintiff sought an award of attorneys' fees and costs, in addition to twenty million dollars in damages. (*Id*. at 3.)

On September 16, 2009, this Court dismissed Plaintiff's lawsuit, but granted Plaintiff leave to file a FAC. (See Doc. Nos. 29, 34.)

On October 1, 2009, the California Court of Appeal affirmed Plaintiff's conviction in a written decision. People v. Whalum, Fourth Appellate District, Division One, Case No. D053834, 2009 WL 3154971. On January 13, 2010, Plaintiff's petition for review was denied by the California Supreme Court. People v. Whalum, Case No. S177791.[1]

On February 22, 2010, Plaintiff filed his FAC. (Doc. No. 36.) And on March 12, 2010, Defendants moved to dismiss the action. (Doc. No. 37.)

---

[1] Defendants' request for judicial notice of Plaintiff's state court appellate proceedings is **GRANTED** pursuant to Federal Rule of Evidence 201. (Doc. No. 37-2.)

II.     LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. See North Star Int'l. v. Arizona Corp. Comm'n., 720 F.2d 578, 581 (9th Cir. 1983). All material allegations in the complaint, "even if doubtful in fact," are assumed to be true. Id. The court must assume the truth of all factual allegations and must "construe them in the light most favorable to the nonmoving party." Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002); see also Walleri v. Fed. Home Loan Bank of Seattle, 83 F.3d 1575, 1580 (9th Cir. 1996).

As the Supreme Court explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1964–65. A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984)

III.    DISCUSSION

On February 22, 2010, Plaintiff filed the First Amended Complaint. That document is insufficient to maintain this lawsuit for at least two reasons. First, the document filed as the FAC was duly titled as: (1) a First Amended Complaint, and (2) as an Objection to Magistrate Judge Porter's original Report and Recommendation. Upon review, however, the document is purely an objection to Magistrate Judge Porter's *Report*. This Court has already adopted Magistrate Judge Porter's well-reasoned analysis and will not entertain an untimely discussion of that previous ruling.

1    Second, the FAC is not legally cognizable. Despite this Court's previous ruling, Plaintiff still maintains that he did not pose a threat to Officer Cuttings *during* his arrest and that any evidence to the contrary is untrue. (Doc. No. 36 at 2.) This allegation directly challenges the jury's findings and calls into question the lawfulness of his California conviction. As such, Plaintiff's lawsuit is barred unless he can "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck 512 U.S. at 486–487; see also Smith v. City of Hemet, 394 F.3d 689,695–698 (9th Cir. 2004)(where the Ninth Circuit affirmed that in California the lawfulness of the officer's conduct is an essential element of the offense of resisting a peace officer and that a Section 1983 action alleging excessive force can be barred by Heck.) The FAC never mentions the status or outcome of any reviewing court, and thus, the Court must dismiss Plaintiff's lawsuit.

Moreover, the Court is now aware that Plaintiff is unable to make the required showing under Heck. As mentioned above, this Court has taken judicial notice of the California Court of Appeal decision that affirmed Plaintiff's convictions for assault with a deadly weapon on a police officer and two counts of resisting an executive officer by means of threat and violence. And the California Supreme Court has denied Plaintiff's petition for review. Thus, the Court will not grant Plaintiff leave to file a Second Amended Complaint. See Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1087-88 (9th Cir.2002) (concluding that the district court did not abuse its discretion by dismissing without leave to amend where amendment would be futile).

Accordingly, Plaintiff's lawsuit must be **DISMISSED WITHOUT LEAVE TO AMEND**.

//
//

## IV. CONCLUSION AND ORDER

In light of the foregoing, the Court **GRANTS** Defendants' motion to dismiss **WITH PREJUDICE**. (Doc. No. 37.)

IT IS SO ORDERED.

DATED: July 2, 2010

_____
Hon. Thomas J. Whelan
United States District Judge